# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRUCE WOLOSKY,

    Petitioner,

vs.

BENEDITTI, *et al.*,

    Respondents.

3:08-cv-602-RCJ-RAM

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by Bruce Wolosky, a Nevada state prisoner. The petition filed in the above-captioned case was consolidated with an identical petition filed in case number 3:08-cv-610-LRH-VPC. (Docket #10). The consolidated petition challenges theft convictions entered in March 2006, in the Eighth Judicial District for the State of Nevada, case numbers C-215290 and C-215291, against petitioner Bruce Wolosky.

On December 8, 2009, this Court granted respondents' motion to dismiss, finding that Grounds 6 and 7 of the federal habeas petition are unexhausted. (Docket #35). The Court gave petitioner the option of abandoning his unexhausted claims and proceeding on his exhausted claims, or in the alternative, to seek a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). (Docket #35).

Petitioner has filed a motion for reconsideration of this Court's order of December 8, 2009. (Docket #36). Where a ruling has resulted in final judgment or order, a motion for reconsideration

may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999). In the instant case, petitioner has not met the standard for reconsideration under either Rule 59(e) or Rule 60(b). The motion for reconsideration (Docket #36) of the Court's December 8, 2009 order is denied.

2

Petitioner has also filed a motion for issuance of a stay and abeyance order, so that he might return to state court to exhaust the unexhausted grounds of his habeas petition. (Docket #37).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In the instant case, petitioner asks this Court to stay the action so he can return to state court to exhaust his unexhausted claims. Petitioner has provided no argument to excuse the failure to exhaust, as required by *Rhines v. Weber*, 544 U.S. 269. Petitioner has not shown good cause for why he failed to raise the unexhausted grounds at some point prior, during the state proceedings. This Court finds that petitioner has not demonstrated good cause under *Rhines* for the failure to exhaust Grounds Six and Seven of his federal habeas petition.

**IT IS THEREFORE ORDERED** that petitioner's motion (Docket #36) for reconsideration is **DENIED.**

3

**IT IS FURTHER ORDERED** that petitioner's motion (Docket #37) for issuance of stay is **DENIED**.

**IT IS FURTHER ORDERED** that Grounds Six and Seven of the federal habeas petition are **DISMISSED**.

**IT IS FURTHER ORDERED** that respondents **SHALL FILE AN ANSWER** to the remaining grounds of the petition within **forty-five (45) days** from the date of entry of this order. The answer shall include all procedural arguments and arguments on the merits, as to each remaining claim in the petition. In filing the answer, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner's reply to the answer **SHALL BE FILED** no later than **forty-five (45) days** after being served with the answer.

DATED: This 15th day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE

4